**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                    **Case No. 4:15cv80-WS/CAS**

**MIKE WADE,**

    **Defendant.**

    _____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed fifteen cases in this Court.[1] In this case, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, a motion requesting leave to proceed in forma pauperis, doc. 4, and a motion requesting the appointment of counsel, doc. 5.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 4. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; and 4:15cv105.

shown and Plaintiff's in forma pauperis motion, doc. 4, is **Granted**. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and is insufficient as filed. The complaint is not on court forms as is required by the local rules of this Court. N.D. Fla. Loc. R. 5.1(H). In addition, Plaintiff did not file a notice of the pendency of other or prior similar actions as required by N.D. Fla. Loc. R. 5.1(G). That rule states: "Whenever the newly filed case involves issues of fact or law common with such issues in another case currently pending in this district, or if the case was previously terminated by any means and has now been refiled without substantial change in issues or parties, the party filing the case shall file a 'Notice of Pendency of Other or Prior Similar Actions' containing a list and description thereof." *Id.* As explained below, this case involves issues of fact which are in common with case 4:14cv332-RH/CAS. A notice should have been filed.

The complaint also does not comply with Federal Rule of Civil Procedure 10(b). Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff's complaint consists of three paragraphs, which are not limited to a single set of circumstances.

The complaint alleges that on April 22, 2014, the Mayor of Quincy, Keith Dowdell was campaigning for reelection and stopped at Plaintiff's house. Doc. 1. Dowdell asked whether Plaintiff had ever received payment from the City, presumably pertaining to Plaintiff's utility bill. *Id.* Dowdell told Plaintiff he should have already received a check and advised Plaintiff he had personally seen the list which contained Plaintiff's name. *Id.* Plaintiff then went to City Hall to talk with Mike Wade, Interim City Manager, about

his check.  Plaintiff complains that Wade's secretary was telling Wade "what to do."  *Id.*  Plaintiff states that he went to the City Commission meeting on May 13, 2014, to tell "them about the case" and Plaintiff was directed to meet the next day with Wade.  *Id.*  During that meeting, Wade told Plaintiff it appeared that Plaintiff's power had been turned off on August 10, 2007, and if the power was on, Plaintiff either did so on his own or has someone do it for him.  *Id.*  Wade and Ann Sherman told Plaintiff he still owed money to the City of Quincy.  *Id.*  Plaintiff contends that "is a lie" and Sherman was "trying to trick [him] into believing that [he] still owed the City of Quincy" money on his utilities account.  *Id.*

These allegations are the same factual events as Plaintiff presented in case number 4:14cv332.  *See* doc. 1 of that case.  Plaintiff named Mike Wade as a Defendant in that case, along with the Ann Sherman and the other persons who Plaintiff contends were involved in issues concerning Plaintiff's utilities bill.  *See* case number 4:14cv332.  Plaintiff has already been advised in that case that his claims were insufficient.  They remain so in this case.  Plaintiff's complaint does not state a claim against Mike Wade, nor does Plaintiff present facts against any other person which state a plausible § 1983 claim.  Plaintiff's complaint should be dismissed with prejudice.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 27, 2015.

  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**